STATE EX REL. ZABEL, Plaintiff, vs. MUNICIPAL COURT OF MILWAUKEE COUNTY, Defendant.

*September 15, 1922—January 9, 1923.*

*Criminal law: District attorney: Proper party to seek review in criminal cases: Jurisdiction of trial court after appeal taken: Suspending sentence: Power to modify judgment.*

1. The district attorney is the proper official to invoke the jurisdiction of the supreme court by writ of error, writ of *certiorari,* or otherwise, to review in behalf of the state the proceedings of trial courts in criminal actions.
2. An appeal to the supreme court deprives the trial court of jurisdiction in the case, and removes the subject matter and all matters connected therewith to this court, though the trial court may thereafter correct its own records to conform to the facts and perhaps do other things of a trivial nature not constituting a substantial interference with the rights of the parties.
3. The order of the trial court suspending sentence and placing a defendant on probation, made while the case (*State v. Maxon,* 177 Wis. 379) was pending in this court on writ of error to

review the judgment and sentence, is void for want of juris-
diction, since the removal of the case deprived the trial court
of jurisdiction.

4. The affirmance of the judgment of conviction and sentence by
this court precludes the trial court from thereafter suspend-
ing sentence and placing the defendant on probation, since
the judgment, by such affirmance, becomes the judgment of
this court and thereafter cannot be changed or modified by
the trial court. *State ex rel. Turner v. Circuit Court,* 71 Wis.
595, overruled.

5. Generally a court has power to reconsider the judgment and
sentence in a criminal case and to revise and correct it by
modifying and even by increasing its severity, if done during
the term at which the judgment and sentence is pronounced
and before the sentence has been executed or put into opera-
tion.

6. Although sec. 57.01, Stats., providing for the suspension of
judgments after conviction and the placing of the defendant
on probation, does not prescribe the time within which such
power may be exercised, the language of the statute is not
construed to authorize its exercise at a time when, under the
ordinary powers of the court, it could not revise its judgment
or sentence in a criminal case.

*On rehearing.*

7. It appearing on rehearing that more than twenty days had
elapsed between the time the first motion for rehearing was
denied and the date when the court suspended sentence, the
jurisdiction of the supreme court had terminated (*Bassett v.
Chicago & N. W. R. Co.* 168 Wis. 617), and the original
opinion cannot be sustained on the ground that the trial court
had no jurisdiction. The conclusion reached, however, is
sustained by the other considerations set forth in the opinion,
which have become material and now constitute the law of
the case.

CERTIORARI to review an order of the municipal court
of Milwaukee county: A. H. REID, Acting Judge. *Order
vacated.*

*Glenway Maxon, Jr.,* was convicted of manslaughter in
the first degree in the municipal court of Milwaukee county
and sentenced to five years' imprisonment in the reforma-
tory at Green Bay. Upon a writ of error to this court the
judgment and sentence was affirmed. *Maxon v. State,* 177

Wis. 379, 187 N. W. 753. While the case was pending in this court, Hon. A. H. REID, circuit judge, sitting in the municipal court of Milwaukee county, made an order in the case placing the defendant on probation. Upon the relation of *Winfred C. Zabel,* district attorney of Milwaukee county, a writ of *certiorari* issued out of this court to review the order so made.

For the plaintiff there was a brief by the *Attorney General* and *Winfred C. Zabel,* district attorney of Milwaukee county, and oral argument by *Mr. Zabel.*

*C. H. Van Alstine* and *Glenway Maxon,* both of Milwaukee, for the defendant.

The following opinion was filed October 10, 1922:

OWEN, J. The institution of this proceeding on the part of the district attorney has the sanction of precedent. *State ex rel. Turner v. Circuit Court,* 71 Wis. 595; 38 N. W. 192; *State ex rel. McGovern v. Williams,* 136 Wis. 1, 116 N. W. 225. We hold that the district attorney is the proper official, acting on behalf of the state, to invoke the jurisdiction of this court by writ of error, writ of *certiorari,* or otherwise, to review in behalf of the state the proceedings of trial courts in criminal actions.

The order of the municipal court of Milwaukee county placing the defendant on probation was made July 19, 1922. The record upon the former appeal was remitted from this court on the 28th day of July, 1922, and was filed in the office of the clerk of the municipal court of Milwaukee county on July 29, 1922. The order complained of, therefore, was made by the municipal court at a time when the case was pending in this court. It is well settled in this jurisdiction that an appeal deprives the trial court of jurisdiction in the case and removes the subject matter and all matters connected therewith to this court. *Jones v. Providence Washington Ins. Co.* 151 Wis. 274, 138 N. W.

1005, and cases there cited. An appeal to this court operates to deprive the trial court of any jurisdiction over the judgment or to interfere with the status or course of the proceedings resulting in the judgment or order appealed from, except that it may correct its own records to conform to the facts, as was held in *Kelly v. C. & N. W. R. Co.* 70 Wis. 335, 35 N. W. 538, and perhaps do other things of a trivial nature that do not constitute a substantial interference with the rights of the parties.

While the case was pending in this court the municipal court of Milwaukee county was without any jurisdiction to make the order placing the defendant on probation. This amounted to a most substantial modification of the judgment and constituted an act beyond the jurisdiction of the municipal court. It follows that the order suspending the sentence and placing the defendant on probation must be vacated and set aside.

In anticipation of a further application on the part of the defendant for a similar order, we deem it proper to discuss, for the guidance of the lower court, the question of whether it will be within the power of that court to make such an order when the record shall have returned from this court.

"Sec. 3071, R. S. 1878, provides that upon appeal from a judgment this court may reverse, affirm, or modify the judgment, and in all cases shall remit its judgments or decisions, and *final judgment shall thereupon be entered in the court below in accordance therewith,* except when otherwise ordered. As has been frequently stated, the judgment so entered is, in legal effect, the judgment of this court. It is none the less true in cases where there is an affirmance than when some other directions are given." *Ean v. C., M. & St. P. R. Co.* 101 Wis. 166, 170, 76 N. W. 329.

The principle there announced is supported by numerous decisions of this court cited in the opinion in that case. It is true that the case of *State ex rel. Turner v. Circuit Court,* 71 Wis. 595, 38 N. W. 192, relied upon by the defendant, recognized a different doctrine, but that case, as

State ex rel. Zabel v. Municipal Court, 179 Wis. 195.

pointed out in *Ean v. C., M. & St. P. R. Co., supra,* is out of harmony with all of the other declarations of this court upon that subject. Its soundness was not only questioned in the *Ean Case,* but the conclusion was plainly disapproved. We see no way in which the *Turner Case* can be reconciled with the other decisions of this court, and its authority as a precedent should be disregarded.

It was held in *Miller Saw-Trimmer Co. v. Cheshire,* 177 Wis. 354, 189 N. W. 465, that a motion for a new trial based on newly-discovered evidence might be entertained by the trial court after the return of the *remittitur* from this court. This ruling was prompted by the consideration that the statute gives a litigant a right to a new trial upon the discovery of evidence theretofore undiscoverable by him by the exercise of due diligence, and his statutory right ought not to be defeated by the circumstance that the judgment from which he seeks relief has become the judgment of this court. The difference between such a situation and a revision of the judgment at the discretion of the trial court we think is quite apparent. The motion for a new trial upon the ground of newly-discovered evidence introduces an element upon which this court has not passed, and the statute authorizing the granting of a new trial under such circumstances constitutes a reasonable provision to prevent a miscarriage of justice, the beneficent purpose of which should not be defeated by the fact that the judgment has been reviewed by and become the judgment of this court.

It is a rule of general application that a court has power to reconsider the judgment and sentence in a criminal case and to revise and correct it by modifying and even by increasing its severity if done during the term at which the judgment and sentence is pronounced and before the sentence has been executed or put into operation. 16 Corp. Jur. 1314. At common law a court had no power to revise its judgment and sentence in a criminal case after the

200    SUPREME COURT OF WISCONSIN.    [Jan.

State ex rel. Zabel v. Municipal Court, 179 Wis. 195.

expiration of the term or after the execution of the sentence has commenced.

It will thus be seen that there are at least two obstacles to the exercise of the power on the part of the municipal court to place the defendant on probation when it shall again acquire jurisdiction of the case: one is, that the term at which the sentence was pronounced has expired; the other is, that the sentence and judgment originally pronounced has become the judgment of this court and is beyond the power of the municipal court to change or modify. This is so unless the disabilities thus apparent have been removed by statutory enactment. The power of the court to place the defendant on probation is to be found in sec. 57.01, Stats. That section provides that

"Whenever any adult is convicted of a felony punishable by imprisonment for a term not exceeding ten years, convictions under section 4587c excepted, and it appears to the satisfaction of the court that such person has never before been convicted of a felony, in this state or elsewhere, that the character of the defendant and the circumstances of the case indicate that he is not likely again to commit crime, and that the public good does not require that he shall suffer the penalty provided by law, said court may, except as otherwise provided for by law, by order suspend the judgment or stay the execution thereof and place the defendant on probation, stating therein the reasons for the order, which shall be made a part of the record, and may impose as a condition of making the order or of continuing the same in effect that the defendant shall make restitution or pay the costs of prosecution, or do both."

It will be seen that the statute does not prescribe the time during which the power of the court to "suspend the judgment or stay the execution thereof and place the defendant on probation" is to be exercised. In view of the prevailing rule, independent of statute, that the court has no power to revise its judgment or sentence after the term, or after it has become the judgment and sentence of this court, the

State ex rel. Zabel v. Municipal Court, 179 Wis. 195.

language to be found in sec. 57.01 cannot be construed as indicative of a legislative purpose to authorize an exercise of the power at a time when, under the ordinary powers·of the court, it could not revise its judgment or sentence in a criminal case.   Such a legislative purpose should be expressed in clear and definite language.   The purpose of the statute was to confer a new power upon the court—the power to suspend the execution of the sentence and place the defendant on probation.   It was not the purpose of the statute to enlarge the time within which a court might revise a judgment or sentence in a criminal case.   Without considering the power of the legislature to authorize a trial court to revise its judgment in a criminal case, either after the expiration of the term at which it was rendered or after it has become the judgment of this court, we hold that sec. 57.01 does not attempt to confer such power, and that the municipal court of Milwaukee county no longer has the power to suspend or modify the sentence in the instant case and place the defendant on probation.

*By the Court.*—The order made by the municipal court of Milwaukee county on the 19th day of July, 1922, suspending the judgment and sentence imposed on the defendant and placing him on probation, be, and the same hereby is, annulled, vacated, and set aside.

The following opinion was filed January 9, 1923:

PER CURIAM.   In the original opinion filed herein it was held that the municipal court of Milwaukee county was without jurisdiction to place the defendant on probation for the reason that the court acted before the record was returned from this court to the municipal court.   On a motion for rehearing it is pointed out that this court lost jurisdiction of the case June 26, 1922.   On appeal the original judgment and sentence of the municipal court was affirmed in this court April 11, 1922.   The motion for

rehearing in that case was denied June 6, 1922. Sec. 3071, Stats., requires the clerk of this court to transmit the papers to the lower court within twenty days after a motion for a rehearing is denied.

In *Bassett v. C. & N. W. R. Co.* 168 Wis. 617, 171 N. W. 749, 752, it was held that the jurisdiction of this court automatically terminated when the papers are required to be transmitted to the lower court under the provisions of sec. 3071 unless prior to such date the court by order directs the retention of the record here. This court, therefore, completely lost jurisdiction of the case on June 26, 1922. It would seem to follow that the lower court re-acquired jurisdiction when this court lost jurisdiction so that the municipal court did have jurisdiction of the case on July 19, 1922.

The conclusion reached in the opinion filed herein on October 10, 1922, cannot be sustained, therefore, on the ground that the municipal court was without jurisdiction. However, the conclusion is abundantly sustained by the other considerations set forth in the opinion, and while such other considerations were treated for the future guidance of the municipal court, they now become material to a disposition, and constitute the law, of the case.

The motion for a rehearing is denied.