GEORGE C. PETERSON COMPANY, Appellant, vs. COUNTY
OF IOWA, Respondent.

*December 7, 1922—January 9, 1923.*

*Evidence: Parol evidence to explain ambiguities in contract:
Clause rendering contract inoperative upon certain contin-
gencies: Failure to secure labor: Reasonable effort: Presump-
tion.*

1. A provision in a contract for the sale of road oil to be used by
the purchaser and not for resale that fires, accidents, and
strikes, or other contingencies beyond the control of either
party, would render the contract inoperative, cannot be held
so clear and unambiguous as to warrant the exclusion of oral
testimony with respect to its meaning or to show what was
in the minds of the parties at the time the contract was
entered into.

2. In an action against a county on such a contract, where it was
shown that the oil was purchased for use upon a particular
road under construction and that by reason of labor shortage
the county could not construct or prepare the road so that
it could properly receive the oil, and the county commissioners
had fixed a price for labor and teams and had made every
effort to procure men to complete the construction, evidence
explaining the contingency which the parties had in mind as
far as the county was concerned was admissible.

3. While extrinsic evidence is not admissible to create an ambi-
guity in the language of a written contract, yet such evi-
dence is proper to apply a contract plain in its literal sense
to the subject with which it deals, and, if the effect is to
disclose ambiguity, evidence is admissible to show the cir-
cumstances characterizing the making of the contract.

4. In the absence of evidence showing that the prices fixed for
labor on county highways by the county commissioners were
unreasonable, it must be assumed that they were reasonable.

5. Where the defense was that the county was unable to procure
labor to finish a road so that it could properly receive the
oil, all that was necessary for the county to show was that
a reasonable wage was offered and that in doing so it acted
in good faith.

APPEAL from a judgment of the county court of Iowa
county: ALDRO JENKS, Judge. *Affirmed.*

The appeal is from a judgment in favor of the defendant dismissing the plaintiff's complaint with costs.

*M. J. Briggs* of Dodgeville, for the appellant.

For the respondent there was a brief by *R. T. Jackson,* district attorney of Iowa county, and *Fiedler, Fiedler, Jackson & Boardman* of Mineral Point, of counsel, and oral argument by *R. T. Jackson.*

DOERFLER, J.   The plaintiff, a foreign corporation with headquarters at Chicago, on the 20th day of February, 1919, entered into a written contract with the defendant through its highway commissioners and superintendent, pursuant to which the plaintiff agreed to sell and deliver to the defendant, and defendant agreed to buy, one small tank containing about 8,000 gallons of road oil at seven and one-fourth cents per gallon, f. o. b. shipping points in *Iowa County;* shipment to be made as specified by defendant between May 1 and November 15, 1919.   Said contract also contained the following provision, viz.:

"Fire, accidents and strikes or other contingencies beyond control of either party, or on transportation lines, rendering seller unable to deliver, or purchaser unable to receive material shipped hereunder, may make this contract inoperative during the repairs, rebuilding or continuance of disability."

"The road oil sold hereunder is for consumption by the purchaser, and not for resale."

Evidence was received which showed that in the spring of 1919 the commissioners fixed the pay for teams on road work at $8 and for men at $4 per day.   There is also credible evidence that during the entire year there was a scarcity of labor in *Iowa County,* and that labor was not procurable for road work during that season; that it was understood by and between the parties that the oil in question was to be used on a certain road then under construction, known as the Jones Valley Road, and that the construction

of said road was not completed within the period provided for by the contract on account of such labor shortage.

To the introduction of the evidence above referred to plaintiff's counsel objected upon the ground that the contract in its terms is plain and unambiguous and that the evidence tended to modify or change the terms of a written contract. It was also contended by plaintiff's counsel that inability to procure the requisite labor complained of did not constitute such a contingency as would excuse performance on the part of the defendant.

At the close of the evidence the plaintiff moved for a directed verdict, which motion the court overruled. A special verdict was thereupon prepared and submitted, consisting of two questions, and the court answered the first question that the alleged contract was accepted by the plaintiff, and to the second question the jury answered that the defendant was rendered unable, by reason of labor shortage, to receive the oil mentioned in the contract during the term of the contract.

Plaintiff's counsel thereupon moved to change the answer of the jury to the second question of the special verdict from "Yes" to "No," and for judgment in plaintiff's favor in accordance with the prayer of the complaint; which motion was denied by the court, and thereupon judgment was ordered in favor of the defendant as aforesaid.

Plaintiff's principal assignment of error consists in the failure of the court to direct a verdict and order judgment in plaintiff's favor and in refusing to change the answer of the jury to the second question of the special verdict.

The provision of the contract under which performance was excusable is mutual. If the language of the contract is clear and unambiguous, then oral testimony was not admissible to explain its meaning. Clearly the expression contained in the contract, "or other contingencies beyond control of either party," cannot be held so clear or unambiguous as to warrant the exclusion of oral testimony with

respect to its meaning, or to show what was in the minds of the parties at the time the contract was entered into. If a contingency beyond the control of defendant arose which created a situation under which defendant would have no use for the oil, and if such contingency was contemplated by the parties when they executed the contract, then the defendant would have a valid excuse for refusing acceptance. The inability referred to in the contract clearly did not contemplate a physical inability, but had reference to the ability to make use of the oil. The contract refers to road oil, indicating that it was to be used for practical purposes on the roads, and the further provision in the contract that the road oil is for consumption by the purchaser and not for resale further confirms this fact.

What then was the contingency, as far as the defendant was concerned, which the parties had in mind? There is credible evidence to show that at the time of the execution of the contract it was understood between the parties that the oil was to be used upon a certain road known as the Jones Valley Road, which was then under construction. It was this particular road which the defendant, by reason of labor shortage, could not construct or prepare so as to place it in a condition where it could properly receive the oil. The commissioners had fixed a price for labor and teams, and the undisputed evidence shows that every effort was made to procure men to complete the construction. In the absence of evidence showing that the prices fixed were unreasonable, it must be assumed that they were reasonable. But the evidence is convincing that the labor shortage was so great that labor was unobtainable at the time in question. Under this showing the evidence objected to was clearly admissible.

In *Klueter v. Joseph Schlitz B. Co.* 143 Wis. 347, 128 N. W. 43, it was held that while extrinsic evidence is not admissible for the direct purpose of creating ambiguity in the language of a written contract which is plain, nevertheless such evidence is proper to apply a contract, plain in its

George C. Peterson Co. v. County of Iowa, 179 Wis. 329.

literal sense, to the subject with which it deals, and, if the effect is to disclose ambiguity, evidence is admissible to show the circumstances characterizing the· making of the contract.

The instant case presents a situation stronger than that presented in the *Klueter Case,* in that the contract in·question contains a provision embraced in the contingency clause which is not clear and unambiguous.   Therefore the oral testimony explaining what was in the minds of the parties at the time the contract was executed was admissible.

But plaintiff's counsel further contends that, assuming that labor was not obtainable at the prices fixed by the commissioners, such fact did not create a situation which made it impossible to obtain adequate labor,· provided higher. offerings had been made.   In this connection it must be borne in mind that the evidence tends to show that it was almost impossible to obtain labor under any circumstances. If the contract could logically be construed to mean that an employer, under a provision similar to the one contained in this contract, is to meet every demand with respect to remuneration and conditions demanded by labor, then the strike and other similar provisions in contracts would .never operate so as to afford an excuse for the failure to perform a contract.   All that it is necessary for a party situated like the defendant to show is that a reasonable wage was offered and that it acted in good faith.  *Delaware, L. & W. R. Co. v. Bowns,* 58 N. Y. 573; *Cuyamel F. Co. v. Johnson I. Works,* 262 Fed. 387.

We therefore hold that, under the showing made, the verdict of the jury cannot be disturbed.   For other reasons which it is not necessary for us to consider, the plaintiff would be precluded from recovering herein.  We can find no prejudicial error in the trial, and the judgment of the county court must therefore be affirmed.

*By the Court.*—Judgment affirmed.