MATHIESEN, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 10—March 6, 1928.*

*Criminal law: New trial: Defendant wholly unadvised of rights pleading guilty.*

A defendant who changed her plea of not guilty to guilty of selling home brew without understanding or being advised as to the nature of a preliminary examination or her right to counsel or to a jury trial, and where no evidence had been heard and no opportunity offered her to speak before sentence was imposed, although she claimed she was not guilty, is granted a new trial under sec. 251.09, Stats., providing that where it is probable that justice has miscarried the supreme court may reverse the judgment and grant a new trial.

ERROR to review a judgment of the county court of Barron county: H. S. COMSTOCK, Judge. *Reversed.*

Plaintiff in error, defendant below, was arrested on July 23, 1927, upon complaint and warrant charging (1) the unlawful possession of privately manufactured distilled intoxicating liquor on July 21st; and (2) that on the same day she unlawfully sold home brew to two named men. She was sentenced upon the second count to the house of correction of Milwaukee county at hard labor for six months, the first day in solitary imprisonment.

The cause was submitted for the plaintiff in error on the brief of *Alexander Wiley* and *Robert L. Wiley* of Chippewa Falls, and for the defendant in error on that of the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general.

ESCHWEILER, J. The record now before us, and by which alone we must be guided, shows from verified, uncontradicted, allegations the following situation:

That defendant, coming to this country from Norway twenty-nine years ago when she was twenty-seven, with schooling equivalent to a seventh grade here, had lived on

a farm in Barron county since 1921 with her children and husband, the latter dying in June, 1927. She was suffering from Bright's disease.

She was arrested at her farm on Saturday noon, July 23d, and taken before the county judge, pleaded not guilty, and was bound over to the county court. At 3 o'clock the same afternoon she was taken before the same judge sitting in the county court. While there waiting, one Jake Stanford, who had been charged in identical language with the two offenses with which defendant had been charged, came from the court room and told her that he had just pleaded guilty, been fined $100 and costs, and that upon payment of costs the fine had been remitted and he was placed on probation, and advised her to also plead guilty and get a similar fine. She then changed her plea to guilty and forthwith received the jail sentence of six months.

At no time that afternoon was she told of the nature of a preliminary examination; of her right to counsel; or to a jury trial, and no advice given her by any one or other than that just above stated. No evidence was heard by the court and no opportunity offered her to speak before sentence was imposed though she swears she was not guilty of the offense charged. This was the first time she had ever been arrested.

Affidavits showing these facts were prepared the following week and made the basis of an application by counsel on her behalf, heard and denied July 30th, to set aside the judgment and grant a new trial or for its modification.

Upon the record here presented there was a plain miscarriage of justice, for which, under the direct authority of sec. 251.09, Stats., as well as under established fundamentals, relief should be afforded. When the uncontroverted facts were presented to the trial court on the motion for relief after judgment, a plain case was made for the permitting of a withdrawal of the plea of guilty and a setting aside of the summary proceeding and conviction. Though speed

is commendable it is not the sole attribute of justice. If she be in fact guilty, due and orderly procedure will so demonstrate and justice can then be satisfied; if she be in fact not guilty, then a judicial record will have been purged of an injustice.

*By the Court.*—Judgment reversed and a new trial granted.