STATE EX REL. TRAISTER, Plaintiff, vs. MAHONEY, County Judge, and another, Defendants.

*April 7—May 8, 1928.*

114

116

118

*C. J. Smith,* attorney, and *J. Henry Bennett,* of counsel, both of Viroqua, for the plaintiff.

For the defendants there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *Martin Gulbrandsen,* district attorney of Vernon county, and oral argument by *Mr. Messerschmidt.*

ESCHWEILER, J.  The facts above recited are substantially all facts concerning which there is either no dispute in the record before us or of matters concerning which we deem any possible denial or qualification as entirely immaterial.

The proper administration of justice and of judicial procedure neither required nor demanded any proceedings such as were here had before the county court. *Mathiesen v. State,* 195 Wis. 364, 218 N. W. 184.  It is undisputed that the district attorney knew that counsel had been retained for Traister.  It is undisputed that Traister, a cripple, was in custody in the county jail from about March 3d until March 12th, but only on the charge of a violation of the prohibition law, and for which, evidently, either no opportunity had been given him to be released on bail or he had been unable to secure such.  He was being interviewed by the district attorney, the sheriff, and an outside detective, and the subject of his possible responsibility for the death of Morris was discussed by them and in the local press.

It is undisputed that though the sheriff received the manslaughter warrant on February 27th, yet he withheld serving the same until March 12th.  The language of the warrant was imperative that he should forthwith (sec. 361.02) apprehend Traister and bring him before the court.  That language cannot be more imperative than is the duty of an officer arresting without a warrant to take the prisoner forthwith before a judicial officer.  That duty, it has been held, must be performed without unreasonable delay. *Schoette v. Drake,* 139 Wis. 18, 21, 120 N. W. 393.  "Forthwith," in

procedure before a justice of the peace, means instanter, as was quite eloquently stated by DIXON, C. J., in *Wearne v. Smith,* 32 Wis. 412, 414. In matters of legal practice, as stated in *Dickerman v. Northern Trust Co.* 176 U. S. 181, 193, 20 Sup. Ct. 311, "forthwith" is usually construed to mean within twenty-four hours.

It is undisputed that when Traister was finally served with the warrant and brought before the magistrate, that judicial officer must have known from the visit of Mr. Smith on Saturday, and the district attorney, a *quasi*-judicial officer (*O'Neil v. State,* 189 Wis. 259, 261, 207 N. W. 280), likewise knew, that Mr. Smith had been employed to look after Traister's affairs; both knew that Mr. Smith understood that there were proceedings pending before the justice of the peace returnable at 10 o'clock of that morning. Not only that, but the county judge was bound to know, from the uncontradicted recital of facts in this record, that he had mistakenly informed Mr. Smith on Saturday that there were no proceedings against Traister pending before him or the county court on any manslaughter charge.

Plainly, under such a situation, it would have been the proper and fair thing for both district attorney and the county judge to have notified such counsel that the proceedings before the justice of the peace, where Mr. Smith was waiting, would not be further proceeded with, but that the far more serious charge, of which Smith was allowed to remain in ignorance, was being taken up so hastily before the county court and there rushed through with such seemingly unnecessary and unseemly haste.

The fact alone that counsel had inquired of the county court on Saturday as to whether or not there was this very manslaughter charge then pending before him, and the gross mistake, however innocently made by the county court, in informing Mr. Smith that there was none such, would seem amply sufficient of itself to prompt a judicial officer, respon-

sible for such a mistake, to give immediate opportunity to be heard to one he had so misled.

Upon application promptly made by counsel within two and one-half hours after these hasty proceedings had closed, wherein a preliminary examination was waived, a person charged with the taking of human life was bound over to the circuit court, a waiver of the six days' delay obtained, and a final sentence entered, and where, as it is alleged, the papers were all prepared prior to the defendant being brought before the county court, and which assertion does not appear to be denied in the record and the circumstances of the entire transaction strongly support, made a strong appeal to judicial discretion and review.

The expressed view of the county judge on this application being made to him, that he doubted his jurisdiction to entertain and act upon it after sentence, was wrong.

The judicial officer pronouncing a sentence for a criminal offense has power to act concerning the same at the same term at which the sentence is pronounced and prior to the execution thereof and before the defendant enters the prison doors to which he has been sentenced. That was plainly and recently declared without qualification to be the rule in this state. *State ex rel. Zabel v. Municipal Court,* 179 Wis. 195, 199, 190 N. W. 121, 191 N. W. 565. Such ruling is in accord with the general, if not universal, rule at the present time. *U. S. v. Howe,* 280 Fed. 815, 23 A. L. R. 531, where many cases are cited; *Emerson v. Boyles,* 170 Ark. 621, 280 S. W. 1005, 44 A. L. R. 1193. And it was recognized as the general rule in *U. S. v. Murray* and *Cook v. U. S.* (Jan. 3, 1928) 48 Sup. Ct. 146, 149.

The right of any one accused of a criminal offense to be heard by counsel is guaranteed by our constitution, art. I, sec. 7. This is a substantial right and should not have been disregarded or so limited as it was in the first instance in the county court.

The failure of those connected with the proceedings on Monday forenoon, under the circumstances here presented, to notify counsel, of whose retainer and interest in the matter they knew, as well as the subsequent order of the court whereby counsel were permitted to visit Traister in the county jail, but only in the presence of the sheriff, bordered upon, at least, if either or both were not, substantial infringements upon his constitutional right. The strictness with which such right to consult, as well as have counsel, is guarded, is well illustrated in *Nothaf v. Texas,* 91 Tex. Crim.. Rep. 378, 239 S. W. 215, 23 A. L. R. 1374, and particularly in the case of *Turner v. Texas,* 91 Tex. Crim. Rep. 627, 241 S. W. 162, 23 A. L. R. 1378, to which is added a note (p. 1382) citing many cases to the same effect. See, also, *Ex parte Snyder,* 62 Cal. App. 697, 217 Pac. 777; *Jackson v. Comm.* 215 Ky. 800, 287 S. W. 17.

It is now urged by the State that the only procedure and remedy open to Traister after the sentence was pronounced was to have moved for a new trial under sec. 358.06, Stats., and it is said in the affidavit of the district attorney, a part of the return to the writ here, that he made such a suggestion before the court when the matter was being presented in the afternoon of Monday, March 12th (the record of the proceedings, however, discloses no recital of any such suggestion), and evidently from the court's then ruling under his mistaken view of want of power, the failure to present the matter in the form of a motion for a new trial was not the ground upon which the county judge based a denial. Furthermore, if such a motion had been necessary, the record discloses that Mr. Smith so moved on March 14th after adjournment, but the court did not then or afterwards act upon such application but again adjourned the cause without any further proceedings whatever being permitted.

But a motion for a new trial in the county court would have been a futile performance. The county court's juris-

diction in such a criminal case, under sec. 357.23, is not for trial purposes. He can only pass sentence upon a plea of guilty. A trial upon the issues raised by a plea of not guilty would be clearly beyond his jurisdiction; having no trial jurisdiction he could not grant a new trial.

Traister's applications, therefore, made not only in the afternoon of March 12th but thereafter, that he might be permitted to be heard in person and by counsel on a request that the proceedings upon his plea of guilty and sentence thereunder be set aside, were entirely proper. If such had been allowed, the situation presented was certainly one which would well merit careful consideration before it should be denied.

We are not unmindful of the allegations in the several affidavits attached to and made a part of the return of the county judge as to the impression made upon such affiants of the intelligence and understanding of Traister and of his statements to them, subsequent to March 12th, that he is satisfied with his plea of guilty and that the proceedings now before us are being carried on at the suggestion of his wife or others, and that he fully understood and realized the nature of the proceedings under which he was sentenced to the penitentiary; but the facts still remain that an appearance was made by counsel on his behalf before the county judge on March 12th, and that such appearance has continued thereafter and is manifested by the written motion by such counsel to quash the return here, and that no counter affidavit by defendant has been presented.

We do not, however, overlook the fact that such statements made by him subsequent to March 12th are made from the same confinement of which he complained by his verified petition to this court and to the court below, and we cannot, therefore, permit affidavits as to alleged admissions made by him to outweigh the record presented.

It was manifestly the plain duty of the county court on March 12th to permit the defendant to appear in person and by counsel and present in proper and due form his timely application for leave to withdraw his plea of guilty and to have the sentence set aside, and such an application must be entertained by the court below.

*By the Court.*—Peremptory writ of *mandamus* granted to require the county court of Vernon county to hear and entertain the application of Frank Traister to have the sentence of March 12th set aside and his plea of guilty withdrawn.