STATE, Respondent, vs. ENGEL, Appellant.

*June 2—June 20, 1932.*

For the appellant there was a brief by *Arthur I. Ringham* of Grantsburg and *W. H. Dougherty* of Janesville, attorneys, and *Paul N. Grubb* of Janesville of counsel, and oral argument by *Mr. Dougherty.*

For the respondent there was a brief by the *Attorney General, Clive J. Strang,* district attorney of Burnett county, and *W. N. Fuller,* assistant district attorney, and oral argument by *Mr. Fuller, Mr. Strang,* and *Mr. J. E. Messerschmidt,* assistant attorney general.

FRITZ, J. On March 25, 1931, the defendant was convicted and sentenced for robbery. On April 24, 1931, a notice of appeal to the supreme court was served on his behalf upon the district attorney and the clerk of the circuit court. That notice with admissions of service was duly filed in the clerk's office on April 24, 1931, and on April 25, 1931, there was filed by defendant the statutory undertaking on appeal and also a bond for $25,000 for a stay of execution, which was granted, and he was released upon his bond. Thereafter defendant's counsel requested the circuit court clerk not to make a return of the record to the supreme court, and solely for that reason the record was not returned until after the circuit court, on April 4, 1932, denied a motion by defendant for a new trial based upon newly-discovered evidence. Notice for the hearing of that motion was served

on March 31, 1932. The State objected on the grounds that the court did not have jurisdiction to grant a new trial, because (1) the motion was not made until more than one year after trial and judgment; and (2) an appeal had been taken to the supreme court. The circuit court, however, ordered the denial of defendant's motion upon the merits. Thereupon defendant also perfected an appeal from that order, and the entire record was promptly returned to this court.

The State's objection that the trial court was without jurisdiction to grant a new trial in March, 1932, because the defendant had perfected an appeal to this court in April, 1931, was sound and should have been sustained. As this court said in *Seyfert v. Seyfert,* 201 Wis. 223, 226, 229 N. W. 636:

"It is a general rule that the service of a notice of appeal and undertaking upon the parties as required by the statute and the filing thereof with the clerk of the circuit court strips that court of all jurisdiction with reference to the case, except in certain unsubstantial and trivial matters, and transfers jurisdiction of the entire case to this court."

See, also, *Milwaukee Elec. Crane Mfg. Co. v. Feil Mfg. Co.* 201 Wis. 494, 497, 230 N. W. 607, and *State ex rel. Zabel v. Municipal Court,* 179 Wis. 195, 190 N. W. 121, 191 N. W. 565, in which, in applying the rule in a criminal case, this court said:

"An appeal to this court operates to deprive the trial court of any jurisdiction over the judgment or to interfere with the status or course of the proceedings resulting in the judgment or order appealed from, except that it may correct its own records to conform to the facts, as was held in *Kelly v. Chicago & N. W. R. Co.* 70 Wis. 335, 35 N. W. 538, and perhaps do other things of a trivial nature that do not constitute a substantial interference with the rights of the parties."

Consequently, instead of passing upon the merits, which well warranted the denial of the defendant's motion, the trial

court should have dismissed that motion for want of jurisdiction, and the order appealed from must be amended to that effect.

On the other hand, the State is entitled upon its motion, noticed for hearing on February 12, 1932, to the dismissal of the appeal perfected by the defendant on April 25, 1931, from the judgment. Defendant is fatally in default as to that appeal in that he not only failed to cause (as required by rule 4 of this court) the proper return to be made within twenty days after perfecting his appeal, but also, on April 25, 1931, expressly requested the clerk of the circuit court not to make any return to this court, and, solely because of that request, no return whatsoever was made until after April 4, 1932. Furthermore, no statement of errors, relied upon for the reversal of that judgment, and no copy of defendant's brief in relation thereto, have ever been served as required by rule 27.

*By the Court.*—The order of April 4, 1932, is reversed, with directions to the circuit court to enter in lieu thereof an order dismissing defendant's motion for a new trial, for want of jurisdiction. The motion of the State of Wisconsin to dismiss defendant's appeal from the judgment is granted.