Brown, J.
 

 Certiorari lies to review questions of the jurisdiction of a trial court to revise, modify, and correct its judgment or sentence.
 
 State ex rel. Zabel v. Municipal Court
 
 (1923), 179 Wis. 195, 190 N. W. 121, 191 N. W. 565.
 

 The record before us clearly shows that the ten-year sentence was imposed April 3, 1957, and that Gerarden was received at the prison and began serving his sentence on April 9, 1957. At pages 199, 200 of the
 
 Zábel Case, supra,
 
 this court held that Wisconsin adheres to the common-law principle that a trial court has no power to revise its judgment and sentence in a criminal case after the expiration of the term or after the execution of the sentence has com-, menced. That rule was reaffirmed in
 
 State ex rel. Traister v. Mahoney
 
 (1928), 196 Wis. 113, 122, 219 N. W. 380, in which we said:
 

 “The judicial officer pronouncing a sentence for a criminal offense has power to act concerning the same at the same
 
 *516
 
 term at which the sentence is pronounced and prior to the execution thereof and before the defendant enters the prison doors to which he has been sentenced. That was plainly and recently declared without qualification to be the rule in this state.
 
 State ex rel. Zabel v. Municipal Court,
 
 179 Wis. 195, 199, 190 N. W. 121, 191 N. W. 565. Such ruling is in accord with the general, if not universal, rule at the present time.
 
 U. S. v. Howe,
 
 280 Fed. 815, 23 A. L. R. 531, where many cases are cited;
 
 Emerson v. Boyles,
 
 170 Ark. 621, 280 S. W. 1005, 44 A. L. R. 1193. And it was recognized as the general rule in
 
 U. S. v. Murray
 
 and
 
 Cook v. U. S.
 
 (Jan. 3, 1928), 48 Sup. Ct. 146, 149.”
 

 An annotation appearing in 168 A. L. R. 706, 707, upon the subject of the power of a trial court to change sentence after commitment or payment of fine says:
 

 “The great weight of authority supports the rule that when a valid sentence has been put into execution, the trial court cannot modify, amend, or revise it in any way, either during or after the term or session of the court at which the sentence was pronounced; any attempt to do so is of no effect and the original sentence remains in force.”
 

 We must conclude in the case at bar that the trial court lost jurisdiction to modify the original ten-year sentence on April 9, 1957, when Gerarden entered the state prison in execution of his sentence. The trial court’s modification of that sentence by reducing it either to five years or to three months exceeds that court’s jurisdiction. Such attempted reductions are void and of no effect.
 

 The state also presents to us alleged fatal defects in the trial court’s grant of the writ of
 
 coram nobis
 
 and the purported action upon it. It also argues that “good time” earned on an original sentence does not carry over to a second sentence for the same offense (see
 
 State ex rel. Drankovich v. Murphy
 
 (1946), 248 Wis. 433, 22 N. W. (2d) 540); and it submits that a court has no jurisdiction to impose a sentence of three months in the state prison. We do not pass on such contentions because they become immaterial in view
 
 *517
 
 of our decision that all sentences subsequent to the first are void and of no effect.
 

 By the Court.
 
 — The judgments dated June 29, 1960, and July 29, 1960, are annulled, vacated, and set aside.