ZDIARSTEK, Plaintiff in error, v. STATE, Defendant in error.

*No. State 101. Argued November 30, 1971.—Decided
January 4, 1972.*
(Also reported in 192 N. W. 2d 833.)

422

For the plaintiff in error there was a brief by *Donald J. Hanaway* and *Condon & Hanaway,* all of Green Bay, and oral argument by *Donald J. Hanaway.*

For the defendant in error the cause was argued by *Richard J. Boyd,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

WILKIE, J. Before considering the several issues raised by the writ of error in this case it should be noted that postconviction motions were made here under sec. 974.06, Stats., even though the prosecution was commenced well before July 1, 1970. The trial court correctly noted this but nevertheless took jurisdiction of these motions since it denied them. We review the denial of these postconviction motions on the merits.

The issues presented on this review are:

1. Was the defendant denied due process of law because he was not brought promptly before a magistrate?

2. Did the trial court err in refusing to suppress evidence which was seized pursuant to a search warrant, probable cause for which was based, in part, on a statement resulting from an invalid interrogation?

3. Was the in-court identification of defendant tainted by photographic and lineup identifications?

4. Were a gun and a jacket seized at defendant's residence properly admitted into evidence?

5. Was the evidence sufficient to support conviction?

6. Should this court grant a new trial in the interest of justice?

*Failure to bring defendant promptly before a magistrate.*

Defendant asserts that he was "denied due process of law" because he was not promptly brought before a magistrate (arrested at 10 p. m. on March 23, 1970, and taken before a magistrate at 4:15 p. m. on March 24, 1970). Defendant relies on the *McNabb-Mallory* [1] rule as applied by this court in *Phillips v. State.* [2] In the first place it should be noted that the *McNabb-*

---

[1] *McNabb v. United States* (1943), 318 U. S. 332, 63 Sup. Ct. 608, 87 L. Ed. 819; *Mallory v. United States* (1957), 354 U. S. 449, 77 Sup. Ct. 1356, 1 L. Ed. 2d 1479.

[2] (1966), 29 Wis. 2d 521, 139 N. W. 2d 41.

*Mallory* rule does not go to due process of law. Rather, as noted in *Phillips:*

". . . The *McNabb-Mallory* rule is basically an exclusionary rule not based upon any constitutional right of the accused . . . . The rule rests upon the supreme court's superintending authority over the administration of federal criminal justice . . . ." [3]

In *Phillips,* while pointing out that *McNabb-Mallory* does not apply to the states through the fourteenth amendment, this court concluded that:

". . . A detention for a period longer than is reasonably necessary for such limited purpose violates due process and renders inadmissible any confession obtained during the unreasonable period of the detention." [4]

Accordingly, it is clear that even when the detention is unreasonably long the remedy is to exclude any statement during the period of detention. Here, the statement made by defendant was excluded because the in-custody interrogation did not meet the *Miranda* [5] requirements. Thus, even if this court were to conclude that the detention was unreasonable, the remedy to be afforded would be to exclude the statements already suppressed. Thus the issue raised by defendant relative to the period of detention before being brought before a magistrate is moot.

Additionally, defendant argues that the state's failure to bring him promptly before a magistrate invalidates the subsequent search of his residence. This court specifically rejected this assertion in *Embry v. State,* [6] in which case it was held that the *McNabb-Mallory-Phillips* rule has nothing to do with searches and seizures,

---

[3] *Id.* at pages 531, 532.

[4] *Id.* at pages 534, 535.

[5] *Miranda v. Arizona* (1966), 384 U. S. 436, 86 Sup. Ct. 1602, 16 L. Ed. 2d 694.

[6] (1970), 46 Wis. 2d 151, 160, 174 N. W. 2d 521.

but was concerned with statements made while in custody.

## Suppression of evidence.

Defendant argues that the search of his residence and the seizure of the jacket and handgun were improper because the determination of probable cause to issue the search warrant was based, in part, on information gained at the invalid in-custody interrogation which led to the statement which was ruled inadmissible. We do not reach the question of whether such a search is valid where the search warrant was based on information gained at that interrogation because in this instance the search warrant was also based on independent information given by Kenneth Phillips, another individual involved in the robbery. This information, as given by Phillips, specifically implicated the defendant. This alone provided probable cause for the issuance of the search warrant and the trial court, therefore, properly denied the motion to suppress the evidence gained at the search.

## Validity of the in-court identification.

Defendant argues that the in-court identification by the store clerk was tainted by pretrial photographic and lineup identifications. The argument is that there was in effect a tainted chain of identification, which commenced with an improper photographic identification; that as a result of this identification, the lineup identification was tainted; and that the in-court identification was similarly tainted. Particular reliance is placed on *Simmons v. United States*,[7] wherein the Supreme Court of the United States discussed the problems inherent in photographic identification. In unanimously affirming Simmons' conviction, the court said:

[7] (1968), 390 U. S. 377, 88 Sup. Ct. 967, 19 L. Ed. 2d 1247.

". . . The danger that use of the technique may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error. We are unwilling to prohibit its employment, either in the exercise of our supervisory power or, still less, as a matter of constitutional requirement. Instead, we hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." [8]

The defendant here has not proven [9] the respect in which the photographic identification was "impermissibly suggestive." The grocery store clerk was shown groups of photos on four occasions. Each group, varying from two photos to 15, contained a photo of the defendant. This photographic identification process is quite similar to the one found proper in *Simmons*.[10] The defendant has made no showing that the particular way the photos were presented to the witness was impermissibly suggestive. We do not find that the procedure was impermissibly suggestive on the basis of defendant's assertion that the grocery clerk had only fifteen to twenty-three seconds at the time of the crime to view the robbers. While such a period of time may seem short in some instances, to an individual faced with armed robbers, that same period might well seem to be an eternity.

Defendant also places emphasis on the fact that the clerk in the grocery store indicated that the height of defendant was between 5' 0" and 5' 3", while other witnesses testified that the defendant was approximately 5' 10". There is no evidence other than these assertions as to defendant's actual height. In any event, this dis-

[8] *Id.* at page 384.
[9] *State v. Brown* (1971), 50 Wis. 2d 565, 573, 185 N. W. 2d 323.
[10] *Supra,* footnote 7, at page 385.

crepancy in testimony goes only to the credibility of the witnesses, not to the admissibility of their statements.[11]

The defendant also fails to show in the record wherein the lineup was unfair in any respect.

The defendant, having failed to carry his burden to show that either the out-of-court-photographic identification or the lineup identification was improper, the state had no further burden to establish that the later in-court identification was independent and untainted by the out-of-court identifications.

### Circumstantial evidence.

The trial court admitted into evidence the handgun and wool jacket found in defendant's residence. There was no proof that these items were actually involved in the robbery; the robber was wearing a black jacket which was similar in appearance to that introduced into evidence, although it was described as being nylon; the gun used in the crime was similar in appearance to the one found in defendant's possession. Defendant asserts that it was error to admit this evidence and to give the jury the instruction relating to circumstantial evidence [12] in relation to this evidence.

In *Oseman v. State* [13] this court indicated that " '[t]he criterion of relevancy is whether or not the evidence adduced tends to cast any light upon the subject of the inquiry.' " There is no question but that the finding of the handgun and the jacket which closely resembled those involved in the robbery was relevant under this test. They constitute circumstantial evidence. In *Oseman*

[11] *Dozie v. State* (1970), 49 Wis. 2d 209, 216, 181 N. W. 2d 369.
[12] Wis J I—Criminal, Part I, 170.
[13] (1966), 32 Wis. 2d 523, 526, 145 N. W. 2d 766, citing 1 Wharton's, Anderson, *Criminal Evidence* (12th ed.), pp. 284–287, sec. 148.

it was also pointed out that the trial court has considerable discretion as to the latitude of circumstantial evidence.[14] The question of how much the jacket and gun appeared similar to those involved in the crime is a matter which this court cannot decide. The trial court had the physical exhibits before it and had the opportunity to evaluate the testimony of the witness to the crime. On the basis of this record the admission of the evidence is not so remote or prejudicial as to be improper. The admission of the evidence in this case was not so clearly wrong as to constitute an abuse of discretion.

In *Anderson v. State* [15] this court indicated that the circumstantial-evidence instruction was required only when "circumstantial evidence is relied upon either wholly or substantially." The primary evidence in this case was the eyewitness identification. It was not error, however, to instruct the jury as to the circumstantial nature of the two items of evidence. This instruction would still be of value to the jury in evaluating the weight of these evidence items. In any event, even if there were error in giving the instruction it would be favorable to the defendant and would, thereby, be harmless error.[16]

### Sufficiency of evidence.

There is clearly sufficient evidence to sustain the jury verdict. The eyewitness identification of the defendant and the circumstantial evidence of his guilt are such that the jury could be convinced of defendant's guilt beyond a reasonable doubt. This is the extent of this court's review of the evidence.

[14] *Id.* at page 527, citing 31A C. J. S., *Evidence*, pp. 441, 442, sec. 161.

[15] (1907), 133 Wis. 601, 613, 114 N. W. 112.

[16] *State v. Galle* (1934), 214 Wis. 46, 53, 252 N. W. 277.

430

*Reversal in the interest of justice.*

Defendant finally argues that this court should invoke its discretionary power and grant a new trial in the interest of justice. This court will invoke this power only in cases in which it appears that a different result would be obtained at the new trial.[17] This is not such a case. Justice has not miscarried.

*By the Court.*—Judgment and order affirmed.

