STATE EX REL. WARREN, Attorney General, Petitioner, v. COUNTY COURT OF SHAWANO-MENOMINEE COUNTY and another, Respondents.

*No. State 219. Argued December 23, 1971.—Decided May 4, 1972.*
(Also reported in 197 N. W. 2d 1.)

614

For the petitioner the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

For the respondents there were briefs by *Douglas D. Winter* of Shawano, attorney, and *Michael G. Eberlein* of Shawano, pro se, and oral argument by *Mr. Winter.*

HALLOWS, C. J.   It appears from the return that on March 14, 1958, Judge C. BERNARD DILLETT, the then county judge of Shawano county, sentenced Robert Peters for a term not exceeding ten years for forceful robbery, five years for causing great bodily harm, and thirty years for forceful rape. These sentences were the maximum for the crimes. All sentences were ordered to run consecutively which made a total period of incarceration of not more than forty-five years. The record discloses other uncharged crimes allegedly committed by Robert Peters and other circumstances which at that time caused the judge to pronounce the sentences he did. Twelve years later, Robert Peters filed in the county court of Shawano county a motion for a reconsideration of the sentence.

The respondent County Judge MICHAEL G. EBERLEIN appointed Douglas D. Winter as counsel for Robert Peters and conducted a hearing on December 7, 1970. After the hearing, the respondent Judge EBERLEIN modified the sentence pronounced by his predecessor in office by reducing the thirty-year sentence for rape to

twenty years and changing the three sentences from being consecutive to concurrent. The effect of the changes reduced the total time of imprisonment by twenty-five years. He also recommended to the parole board that Peters be paroled in 1971. Peters was eighteen years old when he was convicted of the crimes. At the time of resentencing, he was thirty-one years of age and had served somewhere between twelve and thirteen years of his sentences. The record shows he had been paroled several times but was returned to prison for violations. While Judge EBERLEIN gives his reasons for reducing the sentences, we do not reach the question of whether the three consecutive maximum sentences constituted cruel and unusual punishment on the facts.

The writ of certiorari is discretionary with this court. No good cause has been shown why over a year has been allowed to pass before the petitioner sought the aid of this court. The resentencing order might have been appealed within the time allowed for such an appeal but was not. Matters of this kind should be promptly reviewed if they are to be reviewed at all. We are not inclined to entertain the writ as a basis for reviewing what should have been brought up on appeal.

This view requires the dismissal or quashing of the writ but we deem it advisable because of the views expressed in the briefs to comment on the case of *Hayes v. State* (1970), 46 Wis. 2d 93, 175 N. W. 2d 625. The petitioner views *Hayes* as holding a trial court has no jurisdiction or power to reconsider sentencing after ninety days from the date of the original sentence. On this theory, it is claimed the resentencing by the court below is void. The respondent urges that *Hayes* should no longer be the law and is in conflict with the postconviction remedy provided by sec. 974.06, Stats. Both views are in error. *Hayes* recognized the inherent power in a trial court to review its sentencing. The ninety-

day limitation is not jurisdictional but regulatory upon the exercise of that power. *Hayes* deals with the ordinary case of a rehearing on resentencing or a reconsideration thereof while the matter was fresh. Such an application is in the nature of reconsideration on the merits. For this reason a short period of time was provided within which the remedy would normally be used.

The respondent attempts to justify his jurisdiction on the ground the postconviction remedy of sec. 974.06, Stats., in effect abrogates *Hayes* and any sentence may be reviewed without a time limit when it is claimed the sentence violates constitutional guarantees. *Hayes* was decided in the light of the application of sec. 974.06 providing a postconviction remedy. That section has no time limitation within which the remedy may be sought, but the section is restricted to sentences imposed in violation of the United States Constitution or the constitution or laws of this state, or where the court is without jurisdiction to impose the sentence, or the sentence was in excess of the maximum authorized by law or as otherwise subject to collateral attack. Sentences in excess of the maximum authorized by law will seldom be the subject of this remedy because sec. 973.13 invalidates the excess of a sentence and provides that the sentence "shall stand commuted without further proceedings."

Thus sec. 974.06, Stats., is not a remedy for an ordinary rehearing or reconsideration of sentencing on its merits and while under *Hayes* constitutional and jurisdictional questions as well as the appropriateness of the sentence may be reviewed, only the constitutional or jurisdictional questions can be raised by the remedy afforded in sec. 974.06. Recently in *Nelson v. State,* ante, p. 489, 195 N. W. 2d 629, and *Peterson v. State,* ante, p. 370, 195 N. W. 2d 837, this court dealt with the trial and appellate procedure of postconviction petitions under sec. 974.06.

While there is doubt the statutory remedy provided in sec. 974.06, Stats., would apply to this case because the prosecution predated July 1, 1970, we considered in *Zdiarstek v. State* (1972), 53 Wis. 2d 420, 424, 192 N. W. 2d 833, the merits of a sec. 974.06 motion although it dealt with a pre-July 1, 1970, prosecution. In the aid of uniformity of postconviction remedies, we think a sec. 974.06 remedy may be used to review sentencing and convictions involving constitutional issues regardless of the date of prosecution.

No claim is made in this case that the court presided over by Hon. C. BERNARD DILLETT was without jurisdiction in imposing the original sentence. What is claimed is that the original sentence violated the constitution because Robert Peters was not afforded counsel at the trial and the sentences were "cruel and inhuman." These are not valid grounds because: (1) The record shows Peters was advised of his rights by Judge DILLETT and that Peters waived counsel, and (2) mere excessiveness of a sentence, judged by today's standards, cannot be applied to sentences which have stood for twelve years. If this were not so, all sentences of convicts now incarcerated could be re-examined and changed by trial courts according to the individual standards of successor judges. While strides are being made in this state and in other states to develop guidelines for uniform sentencing and treatment of criminals, trial judges should not replow the criminal field in order to apply current concepts to old sentences.

But the respondent claims the sentence was "cruel and inhuman treatment" because of excessiveness. Both the federal constitution, eighth amendment, and the Wisconsin Constitution, art. I, sec. 6, prohibit cruel and *unusual punishments*. In *McCleary v. State* (1971), 49 Wis. 2d 263, 182 N. W. 2d 512, it was claimed a sentence less than the maximum raised the constitutional question on the ground of denial of equal protection of

the laws and its excessiveness amounted to cruel and unusual punishment. This court viewed the issue as not involving a constitutional issue but as raising a question of abuse of the trial court's sentencing discretion. *McCleary*, however, did not hold that the excessiveness of a sentence within the maximum or of concurrent sentences, although within the maximums, cannot reach constitutional proportions. The concurring opinion pointed out that excessiveness of a sentence may reach constitutional proportions and *Weems v. United States* (1910), 217 U. S. 349, 30 Sup. Ct. 544, 54 L. Ed. 793, was cited for the proposition that excessiveness may constitute cruel and unusual punishment. In *Kasper v. Brittain* (6th Cir. 1957), 245 Fed. 2d 92, 96, it was said, "Punishment is not 'cruel and unusual' unless it is so greatly disproportionate to the offense committed as to be completely arbitrary and shocking to the sense of justice," citing *Weems, supra,* and *United States v. Rosenberg* (2d Cir. 1952), 195 Fed. 2d 583, certiorari denied, 344 U. S. 838, 73 Sup. Ct. 20, 97 L. Ed. 687. Substantially this test was adopted in *State v. Seraphine* (1954), 266 Wis. 118, 62 N. W. 2d 403, for a fine and was applied to punishment in *State v. Pratt* (1967), 36 Wis. 2d 312, 153 N. W. 2d 18, and followed in *State v. Morales* (1971), 51 Wis. 2d 650, 187 N. W. 2d 841.

Just recently, our sister state of Michigan in reversing itself said it will now review sentences for excessiveness and held that a nine and one-half to ten-year sentence for possession of marijuana violated the eighth amendment and the Michigan Constitution against cruel and unusual punishment. *People v. Sinclair* (Mich. 1972), 194 N. W. 2d 878. In *People v. Lorentzen* (Mich. 1972), 194 N. W. 2d 827, the Michigan court held a statute, providing for a mandatory minimum sentence of twenty years for sale of marijuana, unconstitutional as cruel and unusual punishment when applied to a first offender.

The standards of what constitutes cruel and unusual punishment vary in the progress of human society in its enlightenment "by a humane justice." Our present standards are perhaps more humane and look more to rehabilitation than punishment, but these constitutional standards are to be applied to current sentencing and are not to be applied as the respondent argues to old sentences. To do this would be to bypass the pardoning power of the governor and the system of parole in Wisconsin. Although the respondent believes these avenues of correction are inadequate, these functions should not be usurped by trial courts.

Peters' possible rehabilitation is not a valid basis for reducing the sentences; that fact, if it is a fact, does not go to excessiveness of a sentence but to the question of parole. Peters has already been given several paroles on which he failed to make good. While the trial court questions the reasonableness of the parole authorities for revoking these paroles, such a view does not justify a modification of the sentences on constitutional grounds.

*By the Court.*—The writ of certiorari is quashed.

ROBERT W. HANSEN, J. *(dissenting)*. "Forum shopping" describes the effort to steer a lawsuit to a judge or jurisdiction where prospects for a favorable outcome are believed to be promising. Here the defendant, convicted and sentenced for the crimes of rape, robbery and aggravated battery, did not shop around in seeking a reduction of the sentences imposed. Rather he waited until the trial judge who imposed the sentences retired from the bench. Then he sought a reduction of the sentences from the new judge who had taken the place of the retired sentencing judge. Did that new judge have authority or jurisdiction to modify those sentences —twelve years after they had been imposed by his predecessor on the bench?

By petition for writ of certiorari, the attorney general of the state of Wisconsin challenges the authority or jurisdiction of the new judge to amend or reduce the sentences imposed by his predecessor, twelve years earlier. The majority opinion denies such petition on a ground not raised or argued by either party on the petition for writ. That issue is the attorney general's delay in seeking review of the sentence modification. The reference is not to the twelve years that the defendant waited before seeking modification of the sentences imposed. Rather it is to the less than one year that separates the attempted modification of the sentences and the petition for writ. There is no information as to when the attorney general's office learned of the reduction of sentence, nor explanation, nor opportunity for explanation of the time lapse involved. There hardly could be when the issue, found controlling by the majority, was not considered relevant by anyone until after briefs were completed and oral arguments concluded.

The majority opinion states that, ". . . The resentencing order might have been appealed within the time allowed for such an appeal but was not," adding that "Matters of this kind should be promptly reviewed if they are to be reviewed at all. . . ." That might appropriately be said of a defendant seeking modification of a sentence imposed, as well as of the state seeking appellate review of a modification granted. However, the suggestion that appeal, not certiorari, is the proper or even exclusive remedy for appellate review of the right of a trial court to modify a sentence in a criminal case runs into this holding by this court:

"Certiorari lies to review questions of the jurisdiction of a trial court to revise, modify, and correct its judgment or sentence. . . ." *State ex rel. Reynolds v. County Court* (1960), 11 Wis. 2d 512, 515, 105 N. W. 2d 812, citing *State ex rel. Zabel v. Municipal Court* (1923), 179 Wis. 195, 190 N. W. 121, 191 N. W. 565.

In *Reynolds,* no suggestion is made that such resort to certiorari must be had within the time statutorily prescribed for appeal of judgment in a criminal proceeding. No specific time for seeking the writ is spelled out. The majority opinion here does not establish a time limit for seeking a writ of certiorari that was not met by the state, but rather finds inexcusable delay in seeking the writ. Inexcusable delay or laches would not necessarily apply even to a belated bringing of a petition for writ of certiorari because "In some cases it has been held or intimated that the doctrine of laches does not apply where the order complained of exceeds the jurisdiction of the tribunal rendering it." 14 Am. Jur. 2d, *Certiorari,* p. 808, sec. 30. However, what is wrong with its application here is that it neglects the public interest. We are familiar, sadly enough on occasion, with court decisions holding that, where the constable has blundered, the criminal goes free. Now we see a corollary rule, where the state hesitates, the right to challenge jurisdiction is lost. What is wrong with both consequences, is that they derive from a flat, two-dimensional approach that sees a criminal trial as a "cops and robbers" proposition. There is a third dimension—the interest of the public in the administration of criminal justice—and it is hardly served by holding a nine-month delay to be laches—fatal to challenging a twelve-year delayed modification of sentence in a criminal case.

Laches aside, and the issue raised reached on its merits, it should be clear that the modifying or reducing of the sentences twelve years after they were imposed is a nullity—void as being beyond the authority and jurisdiction of the judge who sought to reduce the sentences imposed by his predecessor on the bench.

In the *Reynolds Case* (where the state was questioning the jurisdiction of a county court to reduce the sentence imposed in a criminal case), this court stated that,

". . . Wisconsin adheres to the common-law principle that a trial court has no power to revise its judgment and sentence in a criminal case after the expiration of the term or after the execution of the sentence has commenced. . . ." *State ex rel. Reynolds v. County Court, supra,* at page 515, citing *State ex rel. Traister v. Mahoney* (1928), 196 Wis. 113, 122, 219 N. W. 380.

A modification of this adherence to the common-law rule came in the *Hayes Case* where this court held, ". . . *Within reasonable limits* we think an unjust sentence should be corrected by the trial court. . . ." (Emphasis supplied.) *Hayes v. State* (1970), 46 Wis. 2d 93, 105, 175 N. W. 2d 625. In that opinion this court asked itself ". . . what limitation should be placed upon such power [to change and modify its judgments] in the interest of promoting justice in the administration of criminal law. . . ." *Id.* at page 101. Answering that question, the *Hayes* decision made clear that "We adopt one year from the date of sentencing for the time being as a time limit within which a motion can be made to have the court exercise its inherent power to modify a criminal sentence. . . ." *Id.* at page 106. That made the time limit for seeking review of sentence, at least in most cases ". . . the same as the period now in effect for making a motion for a new trial and for a motion to withdraw a plea of guilty. . . ." *Id.* at page 106.

However, the court noted that, on July 1, 1970, "the new criminal code will become effective and the time within which a motion for a new trial can be made is reduced to ninety days after judgment of conviction," and stated, *"On and after July 1st* we think the *time within which to move* for a modification of a sentence imposed on or after that date *should* by analogy *be ninety days from the date of sentencing . . . ." Id.* at page 106. (Emphasis supplied.)

Of this ninety-day limit upon the seeking to modify a criminal sentence, the majority opinion in this case states that it ". . . is not jurisdictional but regulatory . . . ." The writer would hold it to be jurisdictional in keeping with the generally accepted rule that "Perfection of the review proceeding within the time limited by statute or *practice rule* is jurisdictional . . . ." (Emphasis supplied.) 4 Am. Jur. 2d, *Appeal and Error*, p. 782, sec. 292. In the *Reynolds Case* this court held that expiration of the then-existing time limit for seeking modification of sentence deprived the trial court of jurisdiction to so review a sentence. The *Hayes Case* extended the time limit, but gave no indication it was altering the time limit's jurisdictional impact and the majority opinion offers no explanation for its conclusion that *Hayes* did eliminate the time limit's jurisdictional aspect.

Whether the time limit is termed jurisdictional or regulatory, it clearly limited the power of a trial court in this state to entertain motions for modification of sentence in criminal cases brought after the time limit set by this court had passed by. When a motion for modification of sentences was brought in this case twelve years after the sentences were imposed, the court to which the motion for modification was directed was without authority to entertain it, much less grant it.

The writer agrees with the majority holding that sec. 974.06, Stats., does not abrogate *Hayes* nor provide for review of sentence without time limit whenever it is claimed that the sentence violates constitutional guarantees. Where the imposition of the original sentences here occurred before sec. 974.06 was enacted, we see no basis for its being considered relevant to the case before us. However, even if it were applicable, where the original sentences were within the statutory limits for the crimes committed, and where no attack upon the con-

stitutional validity of such statutory upper limits accompanied the motion for modification, the writer would see no constitutional dimension involved in the defendant's motion for modification of sentences. Where no constitutional challenge is made to the statutory limits established by the legislature and where the sentences imposed are within the statutory limits, the only issue involved is whether the trial court abused its discretion in fixing particular sentences within the statutory limits.

In *Hayes,* this court stated that ". . . the sentencing process must at some point come to an end. . ." *Hayes v. State, supra,* at page 105. In this case that point was reached one year after the sentences were imposed and judgment entered, these being pre-July 1, 1970, sentences. And if defendant's repeated parole violations have made another parole opportunity unlikely, his sole remaining recourse is to the governor of this state for pardon or commutation of sentence. Under our tripartite form of government, clemency is for the executive, not the judicial, branch of government to consider and, in deserved cases, to grant. So, on the merits, the writer would grant certiorari finding the court that modified the judgment to have been without jurisdiction or authority so to do and would set aside the 1970 order modifying the 1958 sentences imposed.

I am authorized to state that Mr. Justice LEO B. HANLEY and Mr. Justice CONNOR T. HANSEN join in this dissent.