**Frederick L. LeBLANC, Defendant, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 6985.**

United States Court of Appeals First Circuit.

Heard March 4, 1968.

Decided March 28, 1968.

---

Clifford J. Ross, Manchester, N. H., with whom Eaton, Eaton, Ross & Moody, Manchester, N. H., was on brief, for appellant.

William H. Barry, Jr., Asst. U. S. Atty., with whom Louis M. Janelle, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is an appeal from a conviction and sentence in the district court of New Hampshire on three counts of passing forged United States government money orders. 18 U.S.C. § 500. At trial there was evidence that the defendant stole the orders from a post office, and he was identified by the three persons to whom he allegedly passed them. On cross-examination, one of these persons, Landry, testified that she had identified the defendant before, while state police were holding him in Brattleboro, Vermont for an unrelated offense following an arrest later held unconstitutional. Before this occurrence, however, she had identified photographs of the defendant, and she testified that even then she was positive.

■ It is urged that the entire testimony of Landry was forbidden fruit.[1] We think, however, that the link to illegality was "so attenuated as to dissipate the taint." Nardone v. United States, 1939, 308 U.S. 338, 341, 60 S.Ct. 266, 268, 84 L.Ed. 307. The Brattleboro confrontation in itself violated no constitutional right. Cf. United States v. Wade, 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. It was made possible less by the arrest—defendant might soon have been taken into custody by legal means—than by Landry's prior identification which prompted the federal officers to seek a viewing. It could hardly be suggested that the state police anticipated that their arrest would be used to speed investigation of an entirely

different, federal crime. In this particular case, to exclude the evidence would sacrifice, for minimal deterrent effect, not just the Brattleboro identification but the independent one which preceded it. See Silverthorne Lumber Co. v. United States, 1920, 251 U.S. 385, 392, 40 S.Ct. 182, 64 L.Ed. 319; McGarry v. United States, 1 Cir., 1967, 388 F.2d 862. Comment, Fruit of the Poisonous Tree—A Plea for Relevant Criteria, 115 U.Pa. L.Rev. 1136, 1148–50 (1967). Furthermore, although the court made no formal finding that the subsequent identification at the trial was independent of the Brattleboro incident, see United States v. Wade, supra, 388 U.S. at 239–242, 87 S.Ct. 1926, the uncontradicted evidence was to that effect, and the jury was charged to disregard the identification testimony to the extent that it believed it based on that event.

■ Next, defendant argues error in the jury's allegedly having overheard a bench conference at which the court strongly intimated that he was guilty. Passing the question of the court's right to state its personal views with the comment that it would be better if they were not so expressed in the courtroom, there is an obligation on a defendant if he wishes to preserve rights to do more than object to the court's words and state his opinion that the jury can hear them. Counsel should request a mistrial, curative instruction, or other specific relief, or at least, in connection with his objection, should offer to prove that the words were in fact overheard.

■ Finally, defendant complains that at the time of sentencing the court asked the defendant whether he was in fact guilty, and upon counsel's objecting said that the defendant could "take the responsibility for not answering." The defendant did not answer, despite repeated court questioning. A jail sentence was imposed.

---

1. Although this error, if it was error, infected only one count, the district court imposed a jail sentence on the Landry count only, with probation on the others. Cf. Pugliese v. United States, 1 Cir., 1965, 353 F.2d 514. Accordingly we are obliged to consider it.

This was an improper inquiry, the more particularly when the defendant had preserved rights looking towards an appeal and a new trial. The court's response to the defendant's not answering reveals the probability that the defendant's refusal would count against him. We cannot say that there was harmless error.

The judgment of conviction is affirmed, but the sentence is vacated and the case is remanded for resentencing.[2] We in no way suggest that the sentence previously imposed was unreasonable, or reasonable, but we remind the court of our decision in Marano v. United States, 1 Cir., 1967, 374 F.2d 583.

---

2. Thomas v. United States, 5 Cir., 1966, 368 F.2d 941; see O'Brien v. United States, 1 Cir., 1967, 376 F.2d 538, 542; Coleman v. United States, 1965, 123 U.S. App.D.C. 103, 357 F.2d 563; United States v. Wiley, 7 Cir., 1960, 278 F.2d 500.