COLEMAN, Plaintiff in error, v. STATE, Defendant in error.

*No. State 22. Submitted February 6, 1974.—Decided June 17, 1974.*
(Also reported in 218 N. W. 2d 744.)

The cause was submitted for the plaintiff in error on the brief of *Anthony K. Karpowitz,* Legal Aid Society of Milwaukee, and for the defendant in error on the brief of *Robert W. Warren,* attorney general, and *Steven B. Wickland,* assistant attorney general.

WILKIE, J. Two issues are involved on this review: 1. Did the trial court err in refusing to grant defendant a hearing to determine whether the photographic identification was conducted under such suggestive

circumstances that it should have been excluded as evidence and whether the in-court identification of the defendant was tainted by the suggestive photographic identification?

2. Did the trial court err in refusing to require production of the police officer's "logbook" for impeachment purposes?

*The photographic identification.*

The standard to be applied when reviewing an order denying a new trial is whether the trial court abused its discretion.[1]

At the preliminary examination no testimony was offered or elicited concerning the photographic identification of the defendant. The defendant was arraigned and pleaded not guilty. On the date set for trial, June 7, 1971, his original attorney withdrew because of a misunderstanding as to whether the defendant was going to withdraw his not guilty plea. A new attorney was appointed who represented him through his post-trial motions. At the trial, the taxicab driver identified the defendant. Defense counsel did not object at that time to the admission of the in-court identification because he was unaware of the existence of any pretrial identification procedures which might have tainted the in-court identification. Then the prosecutor elicited testimony about the photographic identification of the defendant by Martinez on the day of the robbery after the defendant had been taken into custody. Defense counsel did not immediately object to this line of questioning. At the close of the direct examination when the jury had been excused, defense counsel moved for the holding of a hearing on the admissibility of the identification testimony. At first defense counsel referred to a possible

[1] *State v. Simmons* (1973), 57 Wis. 2d 285, 203 N. W. 2d 887.

*Wade-Gilbert* problem. There is no requirement that counsel be present during a photographic identification.[2] The court felt that defense counsel should have discovered the existence of this photographic identification prior to trial when a pretrial motion to suppress could have been made. The trial court also suggested that defense counsel could renew his motion after cross-examination if he wished. Defense counsel cross-examined the witness on the procedure used, but did not renew his request for a *Goodchild* hearing after cross-examination was finished. The defendant now contends that he was entitled to have a *Goodchild* hearing as a matter of right, even conceding that the request was not made until after the direct examination and then not renewed after cross-examination.

Sec. 971.31 (2), Stats., provides as follows:

"(2) Except as provided in sub. (5), defenses and objections based on defects in the institution of the proceedings, insufficiency of the complaint, information or indictment, invalidity in whole or in part of the statute on which the prosecution is founded, or the use of illegal means to secure evidence shall be raised before trial by motion or be deemed waived. The court may, however, entertain such motion at the trial, in which case the defendant waives any jeopardy that may have attached. The motion to suppress evidence shall be so entertained with waiver of jeopardy when it appears that the defendant is surprised by the state's possession of such evidence."

This section contemplates that motions to suppress evidence are to be made before trial, but that they may be made, as stated, during the trial itself. However, the granting of the motion to suppress contemplates that the

[2] *Dozie v. State* (1970), 49 Wis. 2d 209, 181 N. W. 2d 369. This position has recently been reaffirmed by the United States Supreme Court in *United States v. Ash* (1973), 413 U. S. 300, 93 Sup. Ct. 2568, 37 L. Ed. 2d 619.

motion be made in a timely manner. Here the defense allowed direct testimony to be concluded before he made his request for a *Goodchild* hearing. We have repeatedly held that "one of the most elementary rules of evidence [is] that an objection must be made as soon as the opponent might reasonably be aware of the objectionable nature of the testimony . . . ." [3] We conclude that the request was untimely and the failure to renew his objection at the time the cross-examination was concluded resulted in a waiver of the *Goodchild* hearing. Although *State v. Brown* [4] requires a *Goodchild* hearing when objection is raised, *Brown* does not preclude the waiver, as here, of this demand.

### The police officer's "logbook".

During the cross-examination of the arresting police officer, Officer Jones, he testified as to the conversation which took place at the time of the arrest. He testified that the defendant denied participation in the robbery, but did not explain why he was under the bed. The officer testified that he had made notes in his logbook of the incident and that he had the logbook with him. The officer admitted that his memory of the events on the day of the arrest was on the wane, but defense counsel did not ask if he had used his logbook to refresh his recollection prior to testifying. Defense counsel asked to see the logbook for impeachment purposes under the policy of the *Richards* [5] and *Jencks Cases*. [6] The court

---

[3] *Collier v. State* (1966), 30 Wis. 2d 101, 104, 140 N. W. 2d 252. *See also: Nadolinski v. State* (1970), 46 Wis. 2d 259, 267, 268, 174 N. W. 2d 483; *Gedicks v. State* (1974), 62 Wis. 2d 74, 84, 214 N. W. 2d 569.

[4] (1971), 50 Wis. 2d 565, 573, 185 N. W. 2d 323.

[5] *State v. Richards* (1963), 21 Wis. 2d 622, 124 N. W. 2d 684.

[6] *Jencks v. United States* (1957), 353 U. S. 657, 77 Sup. Ct. 1007, 1 L. Ed. 2d 1103.

overruled the request, feeling that the trial counsel had not cited any authority showing him entitled to inspect the officer's notes. The trial court said: "There is no impeachment at this point. You are speculating and going on a pure fishing expedition."

Sec. 971.24, Stats., which became effective July 1, 1970, governs what statements of witnesses must be turned over to opposing counsel for use on cross-examination.

"971.24 **Statement of witnesses.** (1) At the trial before a witness other than the defendant testifies, written or phonographically recorded statements of the witness, if any, shall be given to the other party in the absence of the jury. For cause, the court may order the production of such statements prior to trial."

The comment to this section created by ch. 255 of the Laws of 1969, states that the section is a restatement of the existing case law.

Comment of the Judicial Council, 1969:

"*Note*: This is a restatement of the existing case law in *State v. Richards*, 21 Wis. 2d 622, 124 NW 2d 684, except that it broadens the decision in that case and requires that the statements of a witness be given to the opposing party prior to the witness' testifying on direct examination. This section does not require that these statements be turned over before the trial begins, but only before the witness testifies, so that the section may be complied with while the trial is going on. Such statements obviously have a value for impeachment and if counsel has them while the witness is testifying, time will be saved, and they may be more efficiently utilized. Such statements should be turned over in the absence of the jury."

The defendant asserts that this statute should be given a broad interpretation and that liberally construed the notes in question were "statements" of the witness which should have been turned over. The state maintains that

while official reports prepared by an officer-witness can be considered statements,[7] the notes of an officer contained in his logbook are not within the intended coverage of sec. 971.24, Stats.

The instant case is controlled by *Ramer v. State*.[8] In *Ramer* this court held that a deputy sheriff's notes of an interrogation of the witness (as is the situation here) did not meet the test of *State v. Richards* as "statements" of the witness. This is the position of the United States Supreme Court in *Palermo v. United States*.[9]

*By the Court.*—Order affirmed.

---

[7] *See Simos v. State* (1972), 53 Wis. 2d 493, 192 N. W. 2d 877.
[8] (1968), 40 Wis. 2d 79, 161 N. W. 2d 209.
[9] (1959), 360 U. S. 343, 79 Sup. Ct. 1217, 3 L. Ed. 2d 1287.
* Motion for rehearing denied, with costs, on October 1, 1974.