STATE of Tennessee, Appellee,

v.

James Henry MILLER, also known as James Edward Bass, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

Sept. 11, 1980.

Permission to Appeal Denied by Supreme Court Dec. 1, 1980.

Ural B. Adams, Jr., Public Defender, Walker Gwinn, Asst. Public Defender, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Sylvia Ford Brown, Asst. Atty. Gen., Nashville, Dan L. Newsom, Asst. Dist. Atty. Gen., Memphis, for appellee.

TATUM, Judge.

### OPINION

The defendant, James Henry Miller, alias James Edward Bass, was convicted of criminal sexual conduct in the first degree for which his punishment was fixed at 30 years in the State penitentiary. He was also convicted of robbery with a deadly weapon with punishment fixed at imprisonment for 15 years in the State penitentiary. At a bifurcated hearing, he was found to be an habitual criminal, and punishment was enhanced to imprisonment in the State penitentiary for life. The defendant presents

three issues for review: he insists that (1) the evidence does not support the conviction for armed robbery because there is no evidence that goods were taken from the victim's person or in her presence, (2) he was unlawfully detained and arrested, and (3) a conviction under the habitual criminal statutes cannot be based upon certified copies of judgments when the custodian of the court records does not testify. After considering the issues, we resolve them in favor of the State and affirm the judgment below.

Briefly summarized, the evidence establishes that on March 15, 1979, the defendant forcibly entered the one–room apartment occupied by the victim. He put a knife to her throat, forced her to undress, blindfolded her, tied her hands behind her and raped her. After the rape, he took $8.00 from a container on the vanity and also some change from her purse. The victim, of course, was in the room when the money was taken. He then prepared a sandwich; and after raping the victim two additional times, the defendant left the apartment. The defendant did not testify in his own defense nor introduce evidence on his behalf. The evidence establishing these facts is abundant and uncontradicted.

 The defendant insists that the facts will not support a conviction for robbery because the money was not taken from the person of the victim. The evidence is that the victim was bound and blindfolded by the defendant in the victim's one–room apartment when the money was taken. There can be no doubt that the victim had possession of the property when it was forcibly taken, and there can be no doubt that the money was taken in the victim's presence. It is well settled that the taking from the person may be either actual or constructive. It is actual when the taking is immediately from the person and constructive when in the possession of the victim or in the victim's presence. *Moorman v. State*, 577 S.W.2d 473 (Tenn.Cr.App. 1978); *Jones v. State*, 214 Tenn. 683, 383 S.W.2d 20 (Tenn.1964). Since the money was taken both from the possession of the

victim and in her presence, it was taken from her constructive possession. There is no merit in this issue.

 The defendant insists that he was illegally detained and arrested; and for this reason, the pre–trial lineup identification of him should have been suppressed by the trial judge. We do not agree that the detention or arrest was illegal; however, even, if the officers had arrested the defendant without probable cause, there is no constitutional immunity against an unlawful arrest. *Robinson v. State*, 517 S.W.2d 768 (Tenn.Cr.App.1974); *Nelson v. State*, 4 Tenn.Cr.App. 228, 470 S.W.2d 32 (1971). Any subsequent witness identification is not characterized as a "fruit" of an unlawful arrest. The basis of the identification is not the arrest but the witness's perception of the accused during the crime. An identification otherwise valid does not come under the exclusionary rule because the arrest is illegal. The arrest merely provided the means for the confrontation with the victim more promptly than would otherwise have been the case. We cannot assume that the defendant would have remained at large indefinitely if he had not been arrested on this occasion. The arrest contributed neither to the knowledge of the witness nor to the accuracy of her identification. The trial judge properly admitted evidence of the lineup identification. *United States v. Young*, 512 F.2d 321 (4th Cir. 1975); *LeBlanc v. United States*, 391 F.2d 916 (1st Cir. 1968); *Commonwealth v. Garvin*, 448 Pa. 258, 293 A.2d 33 (1972); *State v. Brown*, 50 Wis.2d 565, 185 N.W.2d 323 (1971).

 In his final issue, the defendant insists that the State's method of proving him to be an habitual offender violated the confrontation clauses of the State and Federal Constitutions. The State proved the defendant's prior convictions by copies of judgments rendered in Missouri courts. The copies were certified and authenticated in compliance with Rule 27, Rules of Criminal Procedure and Title 28, U.S.C.A. § 1738.

Insofar as we can determine, the American jurisdictions uniformly hold that the admission of court records in evidence does

not violate the constitutional rule requiring confrontation. In *People v. Bryan*, 3 Cal. App.3d 327, 345, 83 Cal.Rptr. 291, 303 (1970), the court, in dealing with this question, said:

"In the defendant's pro per supplemental brief he urges that he was denied the right of confrontation and cross–examination of witnesses against him. This argument is based upon his claim that he had the right to cross–examine the persons whose names appeared on the documents used to establish the truth of his prior convictions.

These documents did not contain any testimony dealing with the crime of which he stood convicted. He had the right to confront the witnesses against him, if any, at the prior trials. Therefore, his right of confrontation was not violated by use of the documentary proof that he was convicted. Section 969b of the Penal Code provides the method of proof of a prior. [sic] Such method of proof was used here. There was no attack upon the sufficiency of the documents made at the trial level, such as is made here. *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, broadly equates the constitutional right of confrontation with the rule against the admission of hearsay evidence. A public document is hearsay with respect to the truth of its contents. *Pointer* recognizes that not every kind of hearsay falls 'within the scope of the constitutional rule requiring confrontation.' (380 U.S. at 407, 85 S.Ct. at 1070.) We are of the opinion that to follow the procedure of proof of a prior conviction of felony as authorized by section 969b of the Penal Code does not violate any constitutional right of the defendant. (*People v. Coyle*, 88 Cal.App.2d 967, 978, 200 P.2d 546; *People v. Purcell*, 22 Cal.App.2d 126, 132, 70 P.2d 706.)

*Also see Warren v. United States*, 447 F.2d 259 (9th Cir. 1971); *United States v. Sacco*, 428 F.2d 264 (9th Cir. 1970); *Tomlin v. Beto*, 377 F.2d 276 (5th Cir. 1967); *Richardson v. State*, 432 S.W.2d 100 (Tex.Cr. App.1968); *State v. Hagerman*, 238 S.W.2d 327 (Mo.1951).

Finding no error, we affirm the judgments of the Criminal Court.

DUNCAN and SCOTT, JJ., concur.