IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


GARDNER V. BURKLEY ENVELOPE CO.


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


BRYANT A. GARDNER, APPELLANT,

V.

BURKLEY ENVELOPE COMPANY, APPELLEE.


Filed April 3, 2018.    No. A-17-595.


Appeal from the District Court for Douglas County: KIMBERLY MILLER PANKONIN, Judge. Affirmed.

Bryant A. Gardner, pro se.

D.C. "Woody" Bradford III, of Houghton, Bradford & Whitted P.C., L.L.O., for appellee.


MOORE, Chief Judge, and PIRTLE and ARTERBURN, Judges.

MOORE, Chief Judge.

## INTRODUCTION

Bryant A. Gardner filed a negligence suit against Burkley Envelope Company (Burkley) in the district court for Douglas County. The court granted Burkley's motion to dismiss Gardner's complaint. On appeal, Gardner generally argues the district court erred in finding that his suit was barred by the statute of limitations. We affirm.

## BACKGROUND

On December 8, 2016, Gardner filed a complaint, seeking $100,000,000 in damages due to an injury that he alleged he suffered on April 16, 2009 as the result of Burkley's negligence. Burkley filed a motion to dismiss Gardner's complaint, alleging the statute of limitations for negligence claims barred Gardner's cause of action. In Gardner's reply to Burkley's motion to dismiss, he alleged that the statute of limitations did not "attach" because he is currently under

disability and remains totally disabled for all practical purposes, citing *Walter v. Union Real Estate Co.*, 107 Neb. 144, 185 N.W.2d 323 (1921).

The district court held a hearing on Burkley's motion to dismiss on February 2, 2017, at which each party argued. On March 29, the district court entered an order on Burkley's motion to dismiss. The court found that the 4-year statute of limitations in Neb. Rev. Stat. § 25-207 (Reissue 2016) barred Gardner's complaint as written because it failed to set forth any excuse tolling the bar of the statute. The court granted Burkley's motion to dismiss without prejudice and granted Gardner leave to file an amended complaint within 10 days to allege facts showing the statute of limitations was tolled.

Gardner timely filed an amended complaint, alleging he was injured in an accident on April 16, 2009, while operating a semitrailer truck. He alleged that Burkley's employees caused the accident by improperly loading the semitrailer and that he was briefly rendered unconscious and suffered injuries to his head, neck, and lower back. He further alleged that he brought a disability claim, that the Nebraska Supreme Court upheld a finding that he was permanently and totally disabled, that he continues to seek mental and physical therapy as a result of the accident, and that he falls under the "continuous treatment doctrine." Gardner again asked the court to award him $100,000,000 in damages for his injuries.

Burkley filed a motion to dismiss Gardner's amended complaint, alleging Gardner failed to allege sufficient facts to show a tolling of the statute of limitations under Neb. Rev. Stat. § 25-213 (Reissue 2016). Burkley specifically alleged that Gardner failed to allege the period of time he was incapacitated following his 2009 accident and that his incapacity rendered him incapable of understanding his legal rights or evaluating and communicating information necessary to protect those rights.

Gardner subsequently filed two, largely identical, amended complaints containing further allegations regarding the accident and Gardner's workers' compensation action arising therefrom.

The district court held a hearing on Burkley's motion to dismiss on May 8, 2017. Gardner offered a copy of the two most recent amended complaints and an order on cross motions for summary judgment from a professional negligence action that Gardner brought against his workers' compensation attorney for his failure to sue Burkley. The order granted the attorney's motion for summary judgment, finding the 2-year statute of limitations on professional negligence actions barred Gardner's claim. The order noted that the attorney informed Gardner on January 19, 2012. of the statute of limitations for a claim against Burkley.

On May 12, 2017, the district court issued an order sustaining Burkley's motion to dismiss, finding the 4-year statute of limitations on negligence actions barred Gardner's complaint. The court found that Gardner had not "sustained his burden of proof to show that he was incapacitated following the accident which occurred on April 16, 2009, to the extent that it rendered him incapable of understanding his legal rights or elevating [sic] and communicating information necessary to protect those rights." The court dismissed Gardner's amended complaint with prejudice. Gardner appeals.

## ASSIGNMENTS OF ERROR

Gardner generally argues the district court erred in dismissing his complaint.

STANDARD OF REVIEW

A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Amend v. Neb. Pub. Serv. Comm.*, 298 Neb. 617, 905 N.W.2d 551 (2018).

ANALYSIS

To prevail against a motion to dismiss for failure to state a claim under Neb. Ct. R. Pldg. § 6-1112(b)(6), a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *Davis v. State*, 297 Neb. 955, 902 N.W.2d 165 (2017). The district court found that Gardner's complaint failed to allege sufficient facts to show that the statute of limitations did not bar his claim. After our de novo review, we find no error by the district court.

A "statute of limitations" is a law declaring that no suit shall be maintained on certain described causes of action unless brought within a specified period of time after the right accrued. *Intervision Sys. Techs. v. InterCall*, 23 Neb. App. 360, 872 N.W.2d 794 (2015). A statute of limitations impacts the ability to file suit in court. It is a complete bar to causes of action based only on the passage of time. *Id.*

As a general rule, where a complaint does not disclose on its face that it is barred by the statute of limitations, a defendant must plead the statute as an affirmative defense. In that event, the defendant has the burden to prove that defense. *Strode v. City of Ashland*, 295 Neb. 44, 886 N.W.2d 293 (2016). If, however, the complaint on its face shows that the cause of action is time-barred, the plaintiff must allege facts to avoid the bar of the statute of limitations and, at trial, has the burden to prove those facts. *Lindner v. Kindig*, 285 Neb. 386, 826 N.W.2d 868 (2013). An action accrues and the statutory time within which the action must be filed begins to run when the injured party has the right to institute and maintain a lawsuit, although the party may not know the nature and extent of the damages. *Strode, supra*.

Section 25-207 provides that "[t]he following actions can only be brought within four years: . . . (3) an action for an injury to the rights of the plaintiff not arising on contract . . . ." Gardner's complaint shows on its face that the cause of action arose on April 16, 2009. He did not file his action until December 8, 2016, more than 7 years later. Thus, the complaint, on its face, is barred by the statute of limitations. Gardner then had the burden to allege facts to avoid the time bar. *Lindner, supra*.

In his amended complaint, Gardner alleged that he was found to be permanently and totally disabled as a result of the accident in question. Gardner argues that the statute of limitations was tolled because of his disability.

Neb. Rev. Stat. § 25-213 provides for the tolling of the statute of limitations in various circumstances. It states, in relevant part, as follows:

> [I]f a person entitled to bring any action mentioned in Chapter 25, the Political Subdivisions Tort Claims Act, the Nebraska Hospital-Medical Liability Act, the State Contract Claims Act, the State Tort Claims Act, or the State Miscellaneous Claims Act, except for a penalty or forfeiture, for the recovery of the title or possession of lands, tenements, or hereditaments, or for the foreclosure of mortgages thereon, is, at the time the cause of action accrued, within the age of twenty years, *a person with a mental disorder*, or imprisoned,

every such person shall be entitled to bring such action within the respective times limited by Chapter 25 after such disability is removed. (Emphasis supplied.)

A person with a "mental disorder" under § 25-213 is one who suffers from a condition of mental derangement that actually prevents the sufferer from understanding his or her legal rights or from instituting legal action. *Maycock v. Hoody*, 281 Neb. 767, 799 N.W.2d 322 (2011). It is an incapacity that disqualifies a person from acting for the protection of his or her rights. *Id.* In *Maycock*, the Nebraska Supreme Court addressed § 25-213's tolling provision in the context of a medical malpractice action that the representatives of a decedent's estate brought on his behalf. The representatives presented evidence that the decedent was comatose and suffering from a mental disorder at some point prior to the filing of the complaint. The Supreme Court affirmed this court's determination that summary judgment in favor of the doctors was in error due to the existence of genuine issues of material fact regarding whether and on what dates the action may have been tolled under § 25-213.

Here, Gardner has not alleged sufficient facts to support a finding that the tolling provisions of § 25-213 should apply. While Gardner has alleged that he suffered an injury to his head and was found permanently and totally disabled, presumably in his workers' compensation claim, he has not alleged facts showing that he was unable to understand his legal rights or that a mental derangement prevented him from bringing suit. And the evidence Gardner submitted at the hearing on Burkley's second motion to dismiss shows that he was aware of his right to bring suit against Burkley since at least January 19, 2012, when his workers' compensation attorney sent him a letter refusing to file the third party action against Burkley and advising Gardner of the deadline to do so.

Gardner refers to *Walter v. Union Real Estate Co.*, 107 Neb. 144, 185 N.W. 323 (1921), in support of his argument that his action is not time-barred. In *Walter*, the owner of real estate neglected to record the deed to his land after he purchased it. Due to his mental health, he was institutionalized for several years and continued to be mentally incompetent after his discharge from the hospital. During this time, the owner of a tax lien on the land foreclosed on it. After recording his deed to the land, the former owner brought an action to quiet title against the land's present owner. The Nebraska Supreme Court held the statute of limitations on the quiet title action did not begin to run until the former owner was restored to his mental powers such that he could comprehend he was the owner of property and take some action to protect his rights.

We conclude the *Walter* case does not support Gardner's position that the statute of limitations should be tolled. Again, Gardner has only alleged that he is permanently and totally disabled. He has not alleged that he was mentally incapacitated and unable to comprehend his legal rights or to take action to protect them.

Because Gardner failed to present plausible allegations to avoid the bar of the statute of limitations, we conclude the district court did not err in dismissing his complaint.

CONCLUSION

The district court did not err in dismissing Gardner's complaint as barred by § 25-207.

AFFIRMED.

- 4 -